### C M L REALTY CO v
### WARNER BROTHERS THEATRES, INC

Ohio Appeals, 9th Dist, Lorain Co

No 654.   Decided Feb 15, 1935

G. A. Resek, Lorain, and Meyer Gordon, Lorain, for plaintiff.

Squire, Sanders & Dempsey, Cleveland, and H. C. Johnson, Elyria, for defendant.

564

## OPINION

By STEVENS, J.

In examining the interchanges of correspondence between the parties, if we may consider Lertzman as having authority to act for plaintiff, it appears that Lertzman made an offer in writing to sell said premises to defendant for $17,500. That offer was not accepted in its terms at any time during the negotiations, but a counter proposal was made by defendant to Lertzman to pay $17,000 for said property. The counter proposal was not accepted by Lertzman for plaintiff, and in all subsequent correspondence it seems plain to us that Lertzman was discussing the proposed sale upon the basis of his offer, and the defendant upon the basis of its counter offer.

To form a contract, the acceptance must correspond precisely with the terms of the offer and must be unconditional; any substantial variation is treated as a new offer, which must, in order to create a contract, be accepted by the other party.

9 O. Jur., "Contracts," §30, p. 262.

The letter from Levey to Harpster lends no weight to plaintiff's claim, because it does not appear from the evidence that Levey had any authority to bind defendant, he not being an officer or person in authority.

We do not find the claim of plaintiff that defendant took possession of said premises and exercised dominion over them to be established by the requisite degree of proof.

It is our opinion that no contract ever arose between the parties, either express or implied.

It therefore follows that plaintiff's petition should be dismissed, at its costs, and it is so ordered, with exceptions to plaintiff.

FUNK, PJ, and WASHBURN, J, concur in judgment.